BRENT J. NEWELL, California Bar No. 210,312
LUKE W. COLE, California Bar No. 145,505
AVINASH KAR, California Bar No. 240,190
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102
(415) 346-4179
(415) 346-8723 fax

CAROLINE FARRELL, California Bar No. 202,871
Center on Race, Poverty & the Environment
1224 Jefferson Street, Suite 25
Delano, CA 93215
(661) 720-9140
(661) 720-9483 fax

Attorneys for Plaintiffs

# IN THE U.S. DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRED SCHAKEL DAIRY, a California Proprietorship, FRED SCHAKEL, owner and operator, SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator, AG RESOURCES III, a California Limited Liability Company, owner, and SOUTH LAKES DAIRY, a California General Partnership, owner and operator,<br><br>　　　　Defendants, | No. 1:05-CV-00707-OWW-SMS<br><br>**STIPULATION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES [DOC. 73];**<br><br>**AND**<br><br>**MOTION TO COMPEL DEFENDANTS TO PERMIT INSPECTION OF LAND AND PROPERTY [DOC. 72]** |

**Whereas**, on May 23, 2006, Plaintiff Association of Irritated Residents ("AIR") served the Request for Inspection of Land and Property pursuant to Rule 34 of the Federal Rules of Civil Procedure;

**Whereas**, on May 30, 2006, AIR served the Second Set of Requests for Admission, Second Set of Requests for Production, and the Second Set of Interrogatories.  Defendants Fred Schakel Dairy, Fred Schakel, Schakel Family Partnership, Ag Resource III, LLC, and South Lakes Dairy (collectively "Schakel") served responses thereto on June 29, 2006;

**Whereas,** on June 30, 2006, AIR filed a Notice of Motion and Motion to Compel Defendants to Permit Inspection of Land and Property with a hearing date of July 28, 2006 (Docket 72);

**Whereas**, on July 7, 2006, AIR filed a Notice of Motion and Motion to Compel Production of Documents and Responses to Interrogatories with a hearing date of July 28, 2006 (Docket 73);

**Whereas**, on July 13, 2006, counsel for Schakel and counsel for AIR held a meet and confer;

**Whereas,** on July 20, 2006, the parties held a teleconference with the Court in an effort to resolve the discovery disputes.  During that teleconference, Schakel opposed the discovery motions on the ground that, *inter alia*, the case was moot because Schakel had applied for an Authority to Construct permit.  The Court granted Schakel leave to file a motion to dismiss on mootness grounds;

**Whereas**, by minute order dated July 20, 2006, the Court continued the hearing on the motions to compel to August 24, 2006 at 2:30 pm and ordered the parties to file a joint statement pursuant to Local Rule 37-251 by 4:00 pm on August 4, 2006;

**Whereas**, counsel for AIR was not able to obtain counsel for Schakel's cooperation in the

preparation of a joint statement.  Counsel for AIR filed a declaration and memorandum pursuant to Local Rule 37-251(d) on August 4, 2006;

**Whereas**, by minute order dated August 24, 2006, the Court vacated the motions to compel, reset the hearing for the Motion to Dismiss on Grounds of Mootness or in the Alternative, Stay the Action from Judge Snyder's calendar to Judge Wanger's calendar, and ordered AIR to refile the motions to compel upon the Court's ruling on Schakel's mootness motion;

**Whereas**, on October 2, 2006, the Court heard oral argument on the Motion to Dismiss on Grounds of Mootness or in the Alternative, Stay the Action and took the matter under submission.  The Court informed the parties that it would deny the motions;

**Whereas**, on October 6, 2006, AIR refiled its motions to compel (Docket 113 and 114);

**Whereas**, on October 26, 2006, the Court held a teleconference with counsel for AIR and counsel for Schakel in an effort to resolve the details of the motions to compel.  The Court entered a minute order (Docket 116) ordering Schakel to permit inspection and to produce documents and respond to interrogatories.  The Court also instructed the parties to meet and confer to resolve the details related to the motions to compel and to submit this proposed order; and

**Whereas**, on October 27, 2006, the Court entered the Memorandum Decision and Order Denying Defendants' Motion to Dismiss; Denying Defendants Motion to Stay without Prejudice (Docket 117).

**NOW, THEREFORE**, Plaintiffs and Defendants stipulate as follows:

1. By November 16, 2006, Defendants shall draft and submit to counsel for AIR a detailed protective order to cover asserted trade secrets at the Fred Schakel Dairy (also known as the South Lakes Dairy) that may be disclosed during the site inspections.

2. By November 16, 2006, Defendants shall draft and submit to counsel for AIR proposed bio-security protocols to be observed by AIR's attorneys, experts, and agents during the

site inspections.

3. AIR members are prohibited from participating in the site inspections.

4. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 35 by November 16, 2006.  Such responses shall be subject to a protective order.

5. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 40 by November 16, 2006.  Such responses shall be subject to a protective order.

6. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 43 by November 16, 2006.  Such responses shall be subject to a protective order.

7. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 44 by November 16, 2006.  Such responses shall be subject to a protective order and shall cover the time period from the first instance of project financing to the present.

8. Defendants shall file a supplemental response to Request for Project No. 45 by November 16, 2006.

9. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 46 by November 16, 2006.  Such responses shall be subject to a protective order and shall include all of Defendants' state and federal tax returns.

10. Defendants shall file a supplemental response to Request for Project No. 47 by November 16, 2006.

11. Defendants shall file supplemental responses to Interrogatory No. 5 by November 16, 2006.  To the extent that the response divulges financial or tax data, the responses shall be subject to a protective order.

12. Defendants shall file supplemental responses to Interrogatory No. 6 by November 16,

STIPULATION AND [PROPOSED] ORDER ON PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND RESPONSES TO INTERROGATORIES AND MOTION
TO COMPEL DEFENDANTS TO PERMIT INSPECTION OF
LAND AND PROPERTY                              3

2006. To the extent that the response divulges financial or tax data, the response shall be subject to a protective order. With respect to "tax history," the response shall include supplemental tax history not found in Defendants' tax returns. The response shall include answers from all Defendants.

13. Defendants shall file supplemental responses to Interrogatory No. 7 by November 16, 2006. To the extent that the response divulges financial or tax data, the response shall be subject to a protective order. The response shall include answers from all Defendants.

14. Defendants shall file supplemental responses and produce documents responsive to Request for Admission No. 28 and Request for Production No. 31 by November 16, 2006.

15. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 34 by November 16, 2006.

16. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 38 by November 16, 2006.

17. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 39 by November 16, 2006.

18. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 41 by November 16, 2006.

19. Defendants shall file supplemental responses and produce documents responsive to Request for Production No. 42 by November 16, 2006.

20. Defendants shall file supplemental responses to Interrogatory No. 4 by November 16, 2006.

21. Defendants agree that any and all discovery responses by Defendants Fred Schakel Dairy, Fred Schakel, Schakel Family Partnership, and Ag Resource III, LLC that were served prior to South Lakes Dairy being named as a Defendant in this case are adopted by South Lakes Dairy. Schakel agrees to supplement those discovery responses, if including a response specific to South Lakes Dairy is necessary, by November 24, 2006.

Dated: November 9, 2006        /s/ Brent Newell
                               Brent Newell
                               Attorney for Plaintiff Association of Irritated Residents

Dated: November 9, 2006        /s/ David R. Albers
                               David R. Albers
                               Attorney for Defendants Fred Schakel Dairy, et al.

Good Cause appearing therefore,

IT IS SO ORDERED.

**Dated:   November 13, 2006**            /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE