BRENT J. NEWELL, California Bar No. 210,312
LUKE W. COLE, California Bar No. 145,505
AVINASH KAR, California Bar No. 240,190
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102
(415) 346-4179
(415) 346-8723 fax

CAROLINE FARRELL, California Bar No. 202,871
Center on Race, Poverty & the Environment
1224 Jefferson Street, Suite 25
Delano, CA 93215
(661) 720-9140
(661) 720-9483 fax

Attorneys for Plaintiffs

# IN THE U.S. DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>FRED SCHAKEL DAIRY, a California Proprietorship, FRED SCHAKEL, owner and operator, SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator, AG RESOURCES III, a California Limited Liability Company, owner, and SOUTH LAKES DAIRY, a California General Partnership, owner and operator,<br><br>Defendants, | No. 1:05-CV-00707-OWW-SMS<br><br>**STIPULATION AND PROTECTIVE ORDER RE: DOCUMENTS PRODUCED PURSUANT TO PLAINTIFF'S REQUESTS FOR PRODUCTION NUMBERS 35, 40, 43, 44, and 46 AND INTERROGATORY NUMBERS 5, 6, and 7**<br><br>[DOC. 73] |

1  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the
2  parties to this action, and for good cause shown, it is hereby Ordered:

3  1.  As used in this order, the term "Protected Information" means information disclosed
4  or produced, in any form, by Defendants Fred Schakel Dairy, Schakel Family Partnership, L.P.,
5  Fred Schakel, Ag Resources III, LLC, and South Lakes Dairy (hereafter "Schakel") pursuant to
6  Plaintiff's Requests for Production Nos. 35, 40, 43, 44, and 46 and Interrogatory Nos. 5, 6, and 7
7  that Schakel designates as such in the manner specified below.  Protected Information includes
8  all copies and reproductions made of such information disclosed pursuant to Plaintiff's Requests
9  for Production Nos. 35, 40, 43, 44, and 46 and Interrogatory Nos. 5, 6, and 7 in whole or in part,
10  and all notes, summaries, abstracts, or other memoranda prepared therefrom.

11  2.  Schakel shall designate information which it wishes to be Protected Information by
12  stamping or labeling the information "Confidential" or "Proprietary" or by designating the
13  documents as "Confidential" in writing (e.g., by making a written designation that documents
14  bearing certain Bates numbers are "Confidential").  If Protected Information is disclosed orally
15  rather than in documentary form, the information may be designated verbally as "Confidential"
16  or "Proprietary."  Schakel shall not designate any information as Protected Information except to
17  the extent that it has conducted a good faith review to determine that such information really is
18  and should be treated as proprietary or confidential commercial information.

19  3.  Protected Information shall not be disclosed or used by Plaintiff Association of
20  Irritated Residents ("AIR"), members of AIR, or by anyone acting on AIR's behalf except for
21  purposes of litigation of this action, including settlement negotiations, pretrial proceedings,
22  preparation for trial, trial, and any appeal.

23  4.  Protected Information shall be produced by Schakel to the attorneys for AIR.  AIR's
24  attorneys may make such copies of all or part of Protected Information as they deem necessary
25  for purposes of this action.  Any such copies shall be protected in the same manner as the
26  originals.

27  5.  AIR's attorneys may disclose Protected Information only as follows:

28  STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE: DOCUMENTS PRODUCED PURSUANT TO PLAINTIFF'S
REQUEST FOR PRODUCTION AND RESPONSES TO
INTERROGATORIES                                1

      a.    AIR's attorneys may disclose Protected Information to their staff, including legal interns, working with them for purposes of these proceedings, all of whom are bound by this order without signing a copy of it;

      b.    AIR's attorneys may disclose Protected Information to such persons with whom they consult, or whom they retain, for purposes of preparation for trial, trial proceedings, any other proceedings in this action (including settlements), or any appeal, but only if, prior to such disclosure, the person to whom the Protected Information is disclosed signs an agreement to be bound by this order; and

      c.    AIR's attorneys may disclose Protected Information to any person being deposed by AIR's attorneys, provided that the portions of the transcript (including exhibits) containing Protected Information are protected in accordance with this order, and provided further that prior to such disclosure the deposition reporter, the deponent, and any other persons present other than the parties' attorneys sign an agreement to be bound by this order or agree on the record of the deposition to be bound by this order. If the deponent discloses Protected Information during the deposition, the deponent must identify such information as protected and that information shall be protected in accordance with this order.

6. Any party may file with this Court such documents containing Protected Information as the party deems necessary.

7. Attorneys for AIR shall make no disclosures of Protected Information not expressly permitted by this order without the prior written consent of Schakel's attorneys. If AIR's attorneys are unable to obtain such consent, AIR may move the Court for an order permitting such additional disclosure, provided that Schakel's attorneys are given at least 5 business days written notice of the motion to permit Schakel's attorneys to object. If Schakel's attorneys file

written objections, disclosure shall not be made unless the Court overrules the objections.

8. Within 60 days after the conclusion of this action, the attorneys for AIR shall (a) obtain all Protected Information, including notes of orally disclosed protected information, from the persons to whom they have disclosed it and shall then destroy all Protected Information in their possession, and (b) forward copies of all signed agreements to be bound by this protective order to Schakel's attorneys. The terms of this order shall survive the conclusion of this action unless otherwise agreed by all parties in writing.

**APPROVED AS TO FORM AND CONTENT:**

Dated: November 9, 2006         CENTER ON RACE, POVERTY & THE
                                ENVIRONMENT

                                /s/ Brent Newell
                                Brent Newell
                                Attorney for Plaintiff
                                Association of Irritated Residents

Dated: November 9, 2006         ALBERS BARNES & KOHLER

                                /s/ David R. Albers
                                David R. Albers
                                Attorney for Defendants
                                Fred Schakel Dairy, Fred Schakel, Schakel
                                Family Partnership, LP, and Ag Resources III, LLC

IT IS SO ORDERED.

**Dated:   November 13, 2006**              **/s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE: DOCUMENTS PRODUCED PURSUANT TO PLAINTIFF'S
REQUEST FOR PRODUCTION AND RESPONSES TO
INTERROGATORIES                                     3