UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, <br><br>        Plaintiff, <br><br>  v. <br><br>FRED SCHAKEL DAIRY, a California Proprietorship, FRED SCHAKEL, owner and operator, SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator, AG RESOURCES III, a California Limited Liability Company, owner, and SOUTH LAKES DAIRY, a California general partnership, owner and operator, <br><br>        Defendants. | 1:05-cv-0707 OWW SMS <br><br>SCHEDULING CONFERENCE ORDER <br><br>Discovery Cut-Off: 12/31/07 <br><br>Non-Dispositive Motion Filing Deadline: 1/15/08 <br><br>Dispositive Motion Filing Deadline: 1/30/08 <br><br>Settlement Conference Date: 5/29/07 10:00 Ctrm. 7 <br><br>Pre-Trial Conference Date: 4/21/08 11:00 Ctrm. 3 <br><br>Trial Date:  5/28/08 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

    April 25, 2007.

II.  Appearances Of Counsel.

    Brent J. Newell, Esq., appeared on behalf of Plaintiff.

    David R. Albers, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

    1.   This case is a citizen suit against Fred Schakel Dairy,

1

Fred Schakel, Schakel Family Partnership, L.P., Ag Resources III, LLC, and South Lakes Dairy (collectively "Schakel") alleging that Schakel was required, by the Federal Clean Air Act and the federally approved State Implementation Plan, to obtain an Authority to Construct permit and comply with air pollution controls prior to beginning construction of a dairy facility in Tulare County.

2.   The Court previously held a status conference on September 6, 2005, which the Court continued because of Schakel's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted.  The Court denied the Motion on December 6, 2005 (Docket #36).  The Court subsequently held a Status Conference on February 22, 2006.

3.   By order dated June 19, 2006, the Court reassigned the case to Hon. Oliver W. Wanger (Docket #70).  On October 11, 2006, the Court vacated the expert reports filing deadline of October 30, 2006, the discovery cut-off of January 16, 2007, the non-dispositive motion filing deadline of January 26, 2007, and the dispositive motion filing deadline of February 2, 2007 (Docket #115).  On October 26, 2006, the Court denied Schakel's motion to dismiss on mootness grounds and denied without prejudice Schakel's motion for stay (Docket #117).  *See Association of Irritated Residents v. Fred Schakel Dairy*, 460 F.Supp.2d 1185 (E.D. Cal. 2006).  On March 21, 2007, the Court vacated the pre-trial conference, set for March 23, 2007, vacated the trial date, set for May 1, 2007, and set this status conference.

4.   Plaintiff Association of Irritated Residents' ("AIR") Third Amended Complaint contains two causes of action that allege

(1) that Schakel began actual construction of a major stationary source without a permit required by Part D of Title 1 of the Clean Air Act; and (2) that Schakel began actual construction of the dairy facility without obtaining an Authority to Construct Permit from the San Joaquin Valley Unified Air Pollution Control District ("District") as required by Rule 2010 and failed to comply with pollution controls mandated in District Rule 2201.

5.   AIR alleges that Schakel began actual construction of a major stationary source - the dairy facility - on or after January 6, 2004.  AIR alleges that the dairy facility has a potential to emit Volatile Organic Compounds ("VOC") or oxides of nitrogen ("NOx") in excess of 25 tons per year and failed to comply with Part D of Title I, as implemented in Rule 2201, by not obtaining a permit.

6.   The Complaint alleges that Schakel began actual construction of the dairy facility's emissions units (e.g., liquid manure storage lagoons, freestall barns, diesel internal combustion engines) on or after January 6, 2004, that each emission unit has a potential to emit more than 2 pounds of VOC or NOx per day, and that the stationary source's potential to emit exceeds 20,000 pounds per year of VOC.  The Complaint also alleges that Schakel has neither obtained the permit required by Rule 2010 nor complied with the pollution control requirements in Rule 2201.  Those pollution control requirements include (1) the duty to install Best Available Control Technology at each emissions unit that has a potential to emit more than 2 pounds of VOC or NOx per day; and (2) the duty to purchase "offsets" or "emission reduction credits" when the stationary source's

potential to emit exceeds 20,000 pounds per year of VOC.

7. Schakel claims to have a complete defense in that Air District brought out (2) notices of violation against Schakel and both notices of violation have been settled with fines paid. For certain sources of emissions, Schakel has obtained authority to construct permits. For other sources, Schakel has filed all requisites applications, applications have been deemed complete, and the Air District is conducting its Best Available Control Technology ("BACT") analysis and will issue permits.

8. Association of Irritated Residents seeks declaratory relief, civil penalties of $32,500 per day for each violation since Schakel began actual construction on or about January 6, 2004, a preliminary and permanent injunction prohibiting Schakel's operation of the dairy facility without the required permits and pollution control requirements, an order requiring Schakel to remedy the environmental harm caused by the violation of the Clean Air Act, and attorneys' fees and costs of litigation.

9. Schakel seeks to have the Court find that the allegations are meritless, dismiss the case and grant defendants their attorneys' fees and costs.

IV. Orders Re Amendments To Pleadings.

1. AIR seeks leave to amend the complaint to add a third cause of action. AIR has learned through recently disclosed information in the public record, including recent research by one of Schakel's disclosed experts (Dr. Frank Mitloehner) that Schakel's construction of the Fred Schakel Dairy (also known as the South Lakes Dairy) has violated and continues to violate

4

1  section 112(g)(2)(B) of the Act, 42 U.S.C. § 741(g)(2a)(B), and
2  federal regulations because Schakel failed to obtain a
3  determination from the District that the Fred Schakel Dairy would
4  meet the Maximum Achievable Control Technology ("MACT") standard
5  for a new major source of methanol.
6      2.   The Fred Schakel Dairy emits methanol (also known as
7  wood alcohol) from cows' enteric emissions (burps and
8  flatulence), freshly excreted manure, and decomposing feed stored
9  at the dairy.  Methanol is on the Clean Air Act § 112(b)'s list
10 of Hazardous Air Pollutants ("HAP").  The U.S. Environmental
11 Protection Agency ("EPA") has cited numerous potential human
12 health risks from methanol exposure, including decrease in
13 gestation time, an increase in the number of required caesarian-
14 section births and, in prenatally exposed offspring, instances of
15 a severe wasting syndrome, concentration-related delay in
16 sensorimotor development and lower performance on an infant
17 intelligence test.
18     3.   Based on information and belief, including information
19 in the public record, and after a reasonably diligent
20 investigation, the Fred Schakel Dairy has a potential to emit
21 methanol greater than 10 tons per year, the threshold at which
22 the stationary source becomes a major source of HAP and must
23 comply with § 112(g)(2)(B).  AIR sent the notice letter on April
24 19, 2007, a copy of which is attached to the Joint Scheduling
25 Report as Exhibit 1.
26     4.   AIR seeks leave to amend the complaint on or after June
27 20, 2007.
28     5.   The Defendants shall have through and including May 15,

5

2007, to determine whether they will oppose amendment of the Complaint.

    6.   In the event Defendants do not agree to Plaintiff's proposed amendment, Plaintiffs shall file their motion to amend the complaint on or before May 25, 2007.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   The Association of Irritated Residents, Plaintiff, is an unincorporated association.

        2.   Fred Schakel Dairy is a California partnership.

        3.   Defendant South Lakes Dairy is a California general partnership, which is a successor to Fred Schakel Dairy.

        4.   Fred Schakel is an individual resident of the Eastern District of California and an owner and operator of South Lakes Dairy.

        5.   The Schakel Family Partnership is a California limited partnership.  The Schakel Family Partnership is a limited partner of South Lakes Dairy.

        6.   Ag Resources III is a California limited liability company.  Ag Resources III originally owned the real property on which the Dairy is constructed.

        7.   After completion of construction of the Dairy, Ag Resources III sold the completed Dairy and real property on which it is located to the Schakel Family Partnership.

        8.   Defendants do not dispute those portions of the Third Amended Complaint which generally describe the structure of the Clean Air Act and defines some of its terms.

6

B.   Contested Facts.

1.   Defendants dispute the allegations relating to emissions from the project.

2.   Whether the project needed any further permits.

3.   Whether regulations claimed to be applicable are in fact applicable to the project.

4.   The date construction of the Dairy began.

5.   Defendants allege they commenced construction prior to removal of the exemption for permitting dairy projects of this kind.

6.   All remaining facts are disputed.

VI.   Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331 and the Clean Air Act.

2.   Venue is proper under 28 U.S.C. § 1391.

3.   Supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

4.   Federally required "New Source Review" applies to new and modified stationary sources in the San Joaquin Valley that have a potential to emit more than 25 tons per year of Volatile Organic Compounds ("VOC") or Oxides of Nitrogen ("Nox").

5.   The District has implemented New Source Review in the U.S. Environmental Protection Agency-approved Rule 2201.

6.   In addition to Federally-required New Source Review, the District regulates sources of air pollution as required by California law.

7.   The District included more stringent requirements

7

in Rule 2010 and 2201, and the U.S. Environmental Protection Agency ("EPA") has approved these rules as part of the State Implementation Plan.

8.  Rule 2010 requires that any person "building, altering or replacing any operation, article, machine, equipment, or other contrivance, the use of which may cause the issuance of air contaminants or the use of which may eliminate or reduce or control the issuance of air contamination, shall first obtain authorization for such construction from the [Air Pollution Control Officer]."  Rule 2010 § 3.0.

9.  Rule 2201 requires that each "emission unit" at a stationary source install the Best Available Control Technology when the potential to emit VOC or NOx exceeds 2 pounds per day. Rule 2201 also requires new sources of pollution to purchase "emission reduction credits" or "offsets" to offset new pollution introduced into the air basin from the dairy facility and to engage in an analysis of alternative locations for the facility.

B.   Contested.

1.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the

8

statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. The parties are ordered to complete all discovery on or before December 31, 2007. The Plaintiffs anticipate that they will be doing testing in August of 2007.

2. The parties are directed to disclose all expert witnesses, in writing, on or before November 1, 2007. Any rebuttal or supplemental expert disclosures will be made on or before November 30, 2007. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

3. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 15, 2008, and heard on February 15, 2008, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than January 30, 2008, and will be heard on March 3, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   April 21, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   May 28, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

10

        a.   5 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIII.   Settlement Conference.

1.   A Settlement Conference is scheduled for May 29, 2007, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly

11

marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

XV. Related Matters Pending.

    1.    There are a related matter entitled *Association of Irritated Residents v. C & R Vanderham Dairy*, No. 1:05-cv-1593 OWW SMS (E.D. Cal. filed December 16, 2005).

12

**XVI. Compliance With Federal Procedure.**

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII.     Effect Of This Order.**

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   April 27, 2007                        /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

13