UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association,<br><br>        Plaintiff,<br><br>   v.<br><br>FRED SCHAKEL DAIRY, a California Proprietorship, FRED SCHAKEL, owner and operator, SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator, AG RESOURCES III, a California Limited Liability Company, owner, and SOUTH LAKES DIARY, a California general partnership, owner and operator,<br><br>        Defendants. | 1:05-cv-00707-OWW-SMS<br><br>**INFORMATIONAL ORDER RE: TELEPHONIC DISCOVERY DISPUTE RE: PLAINTIFF'S SITE INSPECTION AT DEFENDANT'S DAIRY** |

    The Court held an informal telephonic discovery dispute on August 31, 2007 at 11:00 a.m.  Brent J. Newell, Esq., appeared telephonically on behalf of plaintiff.  David D. Doyle, Esq., and Lee N. Smith, Esq., appeared telephonically on behalf of defendant(s).  The Court advised counsel of the following ruling:

1    The Court will allow the testing and examination as proposed
2 by plaintiff, including duration, location of testing vehicles
3 and equipment, etc.
4    The Court hereby ORDERS that all testing done in the context
5 of this lawsuit, testing conducted from September 19-22, 2007,
6 and all findings and conclusions derived therefrom shall be for
7 the exclusive use in this lawsuit.  No reports, recommendations
8 nor any findings and conclusions shall be distributed to anyone
9 outside of the confines of this lawsuit, either during the
10 pendency of this lawsuit nor any time thereafter, for any purpose
11 whatsoever without specific order of this Court.
12    Any and all reports, recommendations and/or conclusions
13 produced based on the testing of September 19-22, 2007, by
14 plaintiff's experts shall be for experts' in this lawsuit,
15 involved attorneys' and said attorneys' staff persons' and
16 parties' eyes only, and shall not be published in any manner nor
17 at any time in any publication or used for any administrative
18 purpose outside of the confines of this lawsuit now or at any
19 time in the future except by order of this Court.
20    This Court further advised that the costs and fees generated
21 directly because of and in conjunction with these specific tests
22 shall be subject to the strictest of scrutiny, subject to motion
23 as to their appropriateness and relevancy based on the specific
24 causes of action and defenses plead in this lawsuit only.
25 IT IS SO ORDERED.
26 DATED  8/31/2007                    /s/ Sandra M. Snyder
27                                     U.S. MAGISTRATE JUDGE
28