UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, <br><br> Plaintiffs, <br> v. <br> FRED SCHAKEL DAIRY, et al., <br><br> Defendants. | 1:05-cv-00707-AWI-SMS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY PLAINTIFF'S EXPERTS DR. DAVID B. PARKER AND WILLIAM POWERS (Doc. 273) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

The motion of Defendants to compel production of documents withheld by Plaintiff's experts Dr. David B. Parker and William Powers came on regularly for hearing on June 13, 2008, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Brent Newell appeared on behalf of Plaintiff, and Charles M. Tebbutt appeared telephonically for Plaintiff; David Douglas Doyle and Lee N. Smith appeared for Defendants. After argument, the matter was submitted to the Court.

Defendants' motion, with supporting points and authorities

1

1  and the supporting declaration of Lee N. Smith, was filed on
2  March 21, 2008.
3      Before the motion was filed, the Court participated in
4  informal teleconferences with counsel regarding the underlying
5  discovery dispute, which concerned whether or not work product
6  protection warranted Plaintiff's refusal to disclose to
7  Defendants ten e-mails between Plaintiff's counsel and experts
8  David Parker and/or William Powers, which had been requested by
9  Defendants in the notice of deposition of those experts held on
10 February 20 and 28, 2008, respectively. In the course of
11 informally handling the discovery dispute, the Court reviewed
12 correspondence form the parties and requested counsel for AIR to
13 submit to the Court for in camera inspection the documents that
14 Plaintiff argued were protected. Plaintiff submitted the
15 documents to the Court on or about February 25, 2008; Defendant
16 requested on or about May 9, 2008, that the Court review them in
17 advance of the motion hearing. The Court thus reviewed and
18 considered the documents submitted in camera before hearing
19 argument on the motion on June 13, 2008.
20     Plaintiff objected to disclosure of the documents on the
21 basis of the work product protection, which finds its legal basis
22 in Fed. R. Civ. P. 23(b)(3) and cases such as Hickman v. Taylor,
23 329 U.S. 495 (1947). Holmgren v. State Farm Mut. Auto. Ins. Co.,
24 976 F.2d 573, 576-77 (9th Cir. 1992). The protection exempts from
25 disclosure in various circumstances materials prepared in
26 anticipation of litigation, and in most circumstances an
27 attorney's mental impressions, conclusions, opinions, or legal
28 theories.

Fed. R. Civ. P. 26(a)(2)(B) requires that reports be prepared for each testifying expert containing, among other things, the data or other information <u>considered</u> by the expert witness in forming the opinions. The Advisory Committee Notes to the 1993 Amendment indicate expressly that in light of this obligation to disclose all things considered by the witness in forming the opinions, litigants should no longer be able to argue that material furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed. II Epstein, <u>The Attorney-Client Privilege and the Work-Product Doctrine</u>, pp. 995-96 (5th Ed. 2007) (Epstein). The majority view, and the better view according to Epstein, is that all things communicated to the expert and considered by the expert in forming an opinion must be disclosed even if it constitutes opinion otherwise protected as work product. Although there is no binding authority from the Court of Appeals for the Ninth Circuit, federal courts have adopted the majority view. <u>See</u>, <u>United States v. City of Torrance</u>, 163 F.R.D. 590, 593 (C.D.Cal. 1995); <u>Baxter Diagnostics, Inc. v. AVL Scientific Corp.</u>, 1993 WL 360674 (C.D.Cal. Aug. 6, 1993); and <u>Intermedics, Inc. v. Ventritex</u>, 139 F.R.D. 384, 386 n. 1 (N.D.Cal. 1991).

The Court agrees that the majority view correctly reflects the rule's clear policy supporting full cross-examination of the entire process of formation of an opinion.

Accordingly, the Court concludes that the following items listed on the Plaintiff's Privilege Log, Volume VII, are

3

discoverable, in their entirety, as things communicated to and considered by the experts in reaching their opinions: number 10 (e-mail string of September 14, 2007); number 9 (e-mail string of September 17, 2007); items 6, 7, and 8 (three e-mails of October 24, 2007); items 4 and 5 (e-mails of December 17, 2007); number 3 (e-mail of January 19, 2008); and number 2 (e-mail of January 25, 2008). The Court GRANTS Defendants' motion as to these items.

However, Defendant's motion IS DENIED with respect to item number 1 on the privilege log, an e-mail of January 27, 2008, because the item is not the type of matter that is considered by an expert in forming an opinion. The Court thus concludes that it was not considered by either expert in forming his opinion.

Accordingly, Plaintiff IS DIRECTED to disclose these matters immediately to Defendants.

Because the documents submitted for review by the Court were few in number, the Court will shred the documents after the passage of twenty days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   June 18, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE