UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association,<br><br>        Plaintiff,<br><br>  v.<br><br>FRED SCHAKEL DAIRY, a California proprietorship; FRED SCHAKEL, owner and operator; SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator; AG RESOURCES III, a California Limited Liability Company, owner; and SOUTH LAKES DAIRY, a California general partnership, owner and operator,<br><br>        Defendants. | 1:05-cv-0707 OWW SMS<br><br>ORDER GRANTING DERUYTER BROTHER'S DAIRY, INC.'S MOTION TO INTERVENE FOR LIMITED PURPOSE AND TO MODIFY PROTECTIVE ORDER |

    The matter of DeRuyter Brother's Dairy, Inc.'s Motion to Intervene For Limited Purpose and to Modify Protective Order came on for hearing on expedited notice April 10, 2009. The moving party appeared telephonically by Foster Pepper PLLC by John Ray Nelson, Esq. Plaintiff, Association of Irritated Residents, an unincorporated association, appeared by and through Brent Newell, Esq., and Charles Tebbutt, Esq., who appeared telephonically.

Defendants, Fred Schakel Dairy, et al., appeared by their counsel, Stoel Rives LLP by Lee Smith, Esq., and David Douglas Doyle, Esq.

The Court considered the Motion, Declaration and Memoranda in Support and Opposition filed by counsel for all parties and oral arguments presented by the parties. For good cause shown, the following orders are entered:

Intervenor Deruyter Brother's Dairy, Inc.'s Motion to Intervene for Limited Purpose is GRANTED.

Intervenor, DeRuyter Brother's Dairy, Inc.'s Motion to Modify Protective Order is GRANTED UPON THE FOLLOWING TERMS AND CONDITIONS:

1. Counsel for Intervenor DeRuyter, shall be immediately entitled to review the expert witness reports and deposition testimony of Dr. David Parker in the ED CA case, as well as any rebuttal or responsive reports, subject to the terms and conditions of the Protective Order entered in ED CA case number 1:05-cv-0707 OWW SMS, by which all counsel for DeRuyter Brother's Dairy, Inc. agree to abide and further, such counsel voluntarily submit to the ED CA Court's jurisdiction to enforce said Protective Order;

2. Dr. Parker's expert witness reports and deposition testimony, as well as any rebuttal or responsive reports, shall be made available for Intervenor DeRuyter Brother's Dairy, Inc. for "attorneys' eyes only," and those of its experts, all of whom shall agree in writing to be bound by the Protective Order in the ED CA case. No information subject to said Protective Order shall be disclosed to any other person or entity who is not

already subject to this Court's Protective Order;

3. Any portions of Dr. Parker's deposition testimony in the CARE v. DeRuyter Brothers' Dairy case, ED WA Case No. 2-08-cv-03028-FVS, that refer to or disclose any portion of Dr. Parker's expert witness reports or deposition testimony, as well as any rebuttal or responsive reports in this ED CA action, shall also be designated as subject to the Protective Order in the Washington case; provided, however, if the Protective Order is lifted or modified at a later time with respect to Dr. Parker's reports or deposition testimony in the ED CA action, such documents will thereafter no longer be subject to the limited Protective Order in CARE v. DeRuyter Brother's ED WA case, if the judge in the Washington case agrees;

4. Counsel for Plaintiff Association of Irritated Residents shall provide copies of Dr. Parker's expert witness reports, deposition testimony, and any rebuttal or responsive reports, electronically, promptly upon entry of this Order by 7:00 p.m. on April 10, 2009. DeRuyter shall pay one-half the cost of the deposition transcript fee paid by Plaintiff A.I.R. in the ED CA case for the deposition transcript of Dr. Parker;

5. All other issues regarding the Protective Order in the ED CA action between the parties to the ED CA action are reserved for hearing upon proper notice, which may be filed without violating the present stay in effect, to set a hearing before Magistrate Judge Snyder at a time she is available;

6. This Order is entered without prejudice to any party on any other issue in the pending ED CA case;

7. Except for the matters specifically addressed by this

Order, this Order shall not be interpreted, nor shall it have the effect of compromising or prejudicing the rights of any party in either the ED CA action or the ED WA action.

IT IS SO ORDERED.

Dated:   **April 10, 2009**          /s/ **Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE