BRENT J. NEWELL, California Bar No. 210,312
ALEGRÍA GUADALUPE DE LA CRUZ, California Bar No. 229,713
CAROLINE FARRELL, California Bar No. 202,871
Center on Race, Poverty & the Environment
47 Kearny Street, Suite 804
San Francisco, CA 94108
(415) 346-4179
(415) 346-8723 fax

CHARLES M. TEBBUTT, Oregon Bar No. 96,579
Law Offices of Charles M. Tebbutt, P.C.
P.O. Box 10112
470 W. Broadway
Eugene, OR 97440
(541) 344-8312
(541) 344-0188 fax
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, | No. 1:05-CV-00707-OWW-SMS |
| *Plaintiff*, | **CONSENT DECREE** |
| vs. | |
| FRED SCHAKEL DAIRY, a California Proprietorship, FRED SCHAKEL, owner and operator, SCHAKEL FAMILY PARTNERSHIP, a California Limited Partnership, owner and operator, AG RESOURCES III, a California Limited Liability Company, owner, and SOUTH LAKES DAIRY, a California General Partnership, owner and operator, | |
| *Defendants*. | |

CONSENT DECREE                    - 1 -

WHEREAS, on June 1, 2005, Plaintiff Association of Irritated Residents ("AIR") filed the original Complaint in the above-captioned matter against Fred Schakel Dairy, Fred Schakel, Schakel Family Partnership, Ag Resources III, and South Lakes Dairy (collectively "Dairy Defendants"), alleging that Dairy Defendants began actual construction of a major stationary source without a "New Source Review" permit, without installing Best Available Control Technology, and without purchasing volatile organic compound offsets as allegedly required by Part D of Title I of the Clean Air Act, 42 U.S.C. §§ 7501-7515, and implemented through San Joaquin Valley Unified Air Pollution Control District ("District") Rule 2201, and that such alleged failures were actionable under section 304(a)(3) of the Act, 42 U.S.C. § 7604(a)(3);

WHEREAS, on August 10, 2005, AIR filed the First Amended Complaint to allege that Dairy Defendants began actual construction of a stationary source without obtaining an Authority to Construct Permit from the District as required by District Rule 2010, without installing Best Available Control Technology as allegedly required by District Rule 2201, and without purchasing volatile organic compound offsets as allegedly required by District Rule 2201, and that such alleged failures are alleged violations of emission standards and limitations and actionable under section 304(a)(1) of the CAA, 42 U.S.C. § 7604(a)(1);

WHEREAS, on July 3, 2007, AIR filed the Fourth Amended Complaint to allege that Dairy Defendants began actual construction of a major source of hazardous air pollutants without obtaining a case-by-case Maximum Achievable Control Technology determination as allegedly required by section 112(g)(2)(B) of the Clean Air Act, 42 U.S.C. § 7412(g)(2)(B), and that such alleged failures are alleged violations of emission standards and limitations and actionable under section 304(a)(1) of the CAA, 42 U.S.C. § 7604(a)(1);

WHEREAS, AIR's Fourth Amended Complaint seeks declaratory relief, civil penalties, costs and attorney's fees, and an order from this Court directing Dairy Defendants to stop all construction and/or operational activity until Dairy Defendants have obtained a major stationary source New Source Review permit, complied with all applicable requirements of Part D of Title I of the Clean Air Act, obtained an Authority to Construct Permit, complied with all applicable

PDF created with pdfFactory trial version www.pdffactory.com

1  requirements of District Rule 2201, and complied with all applicable requirements of section 112

2  of the Clean Air Act, 42 U.S.C. § 7412;

3      WHEREAS, Dairy Defendants deny each and every allegation and claim by AIR;

4      WHEREAS, Dairy Defendants allege that, in 1998 certain defendants purchased the real

5  property for the South Lakes Dairy and began a continuous process of construction of the South

6  Lakes Dairy, and that the property should be grandfathered into the permitting process;

7      WHEREAS, in July 2005, the San Joaquin Valley Unified Air Pollution Control District

8  ("District") issued a Notice of Violation to certain defendants for alleged violations of District

9  Rules 2010 and 2201;

10     WHEREAS, without admitting liability, certain defendants settled the Notice of

11 Violation, agreeing to pay a penalty of $110,000, apply for an Authority to Construct permit, and

12 pay $600,000 to purchase PM10 offsets;

13     WHEREAS, on or about December 3, 2007, the District issued Authority to Construct

14 permits to certain defendants without requiring (1) offsets for volatile organic compound

15 emissions; or (2) a Maximum Achievable Control Technology determination pursuant to section

16 112(g)(2)(B) of the Clean Air Act, 42 U.S.C. § 7412(g)(2)(B), for emissions of methanol;

17     WHEREAS, Dairy Defendants allege that offsets for volatile organic compound

18 emissions and a Maximum Achievable Control Technology determination pursuant to section

19 112(g)(2)(B) of the Clean Air Act, 42 U.S.C. § 7412(g)(2)(B), for emissions of methanol are not

20 required;

21     WHEREAS, AIR denies each and every allegation and claim by Dairy Defendants;

22     WHEREAS, the Parties (the term "Parties" as used herein does not include defendant Ag

23 Resources III) have agreed to a settlement of this action without admission of liability as to any

24 issue of fact or law;

25     WHEREAS, AIR and Signatory Defendants (comprised of all Dairy Defendants, except

26 Ag Resources III, which is no longer an operating entity in the State of California) agree that

27 settlement of these matters is in the best interest of the Parties and the public, and that entry of

28

CONSENT DECREE             - 3 -

PDF created with pdfFactory trial version www.pdffactory.com

1  this Consent Decree without additional litigation is the most appropriate means of resolving
2  these actions;

3       WHEREAS, AIR and Signatory Defendants, after consultation with their respective
4  counsel and without trial or final adjudication of the issues of fact or law with respect to AIR's
5  claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of
6  litigation and to resolve the controversy between them;

7       WHEREAS, AIR and Signatory Defendants consider this Consent Decree to be an
8  adequate and equitable resolution of all of the claims in this matter; and

9       WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is
10  fair, reasonable, in the public interest, and consistent with the Clean Air Act.

11       NOW, THEREFORE, without trial of any issue of fact or law, and without admission by
12  Dairy Defendants of the facts or violations alleged in the Complaint, upon consent of the Parties,
13  and upon consideration of the mutual promises herein contained, it is hereby ORDERED,
14  ADJUDGED AND DECREED as follows:

15       1.      This Court has jurisdiction over AIR and the Dairy Defendants and the subject
16  matter of this action pursuant to Section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a).

17       2.      In full and complete satisfaction of the civil penalty claims alleged in the Fourth
18  Amended Complaint, as a supplemental environmental project, South Lakes Dairy shall pay one
19  hundred thirty thousand dollars ($130,000) in sixty (60) consecutive monthly payments of two
20  thousand one hundred sixty six dollars and sixty six cents with no interest ($2,166.66 per month)
21  on an anonymous basis to the Kern Medical Center to support asthma and respiratory illness
22  treatment, with proof of payment to AIR, according to the schedule set forth below in paragraph
23  5.

24       3.      As partial consideration for AIR entering into this Consent Decree, any and all
25  expert reports, data, expert witness deposition transcripts, and other information related to AIR's
26  site inspection of the South Lakes Dairy and the Parties' emissions sampling at the South Lakes
27  Dairy may be disclosed and are no longer subject to the Stipulation and Protective Order Re:
28  Inspection of Property (Doc. 129) and Informational Order (Doc. 163), both of which are vacated

PDF created with pdfFactory trial version www.pdffactory.com

upon entry of the Consent Decree.  The information and documents governed by this paragraph may be posted on an internet web site, provided however that the web page upon which the information and documents are posted do not identify the defendants by name (redaction of defendants' names in the information and documents themselves is not required).

4.       Signatory Defendants recognize that AIR may have an entitlement to reasonable attorney and expert witness fees under the Clean Air Act, 42 U.S.C. § 7604(d), and that the Court has discretion to determine the amount of such fees, if any.  AIR assigns this award of fees to the Center on Race, Poverty & the Environment (CRPE) as attorneys for AIR.  After determining the hours expended in preparation and prosecution of this litigation, and in consideration of the financial position of the Signatory Defendants, AIR and Signatory Defendants agree that South Lakes Dairy shall pay the sum of $250,000 to CRPE in complete satisfaction of AIR's claim for an award of such costs and fees.  South Lakes Dairy shall pay eighty thousand dollars ($80,000) within 30 days of entry of the Consent Decree and the remaining one hundred seventy thousand dollars ($170,000) in sixty (60) consecutive monthly payments of two thousand eight hundred thirty three dollars and thirty three cents ($2,833.33) with no interest according to the payment schedule set forth in paragraph 5.

5.       Commencing no later than 90 days from entry of the Consent Decree, South Lakes Dairy shall make the monthly payments required by paragraphs 2 and 4 no later than the 10th day of each month.  South Lakes Dairy shall pay a late fee of 10% of any monthly payment, to the required payee of the late payment(s), when South Lakes Dairy fails to timely make such payment or payments.  South Lakes Dairy shall submit to AIR proof of payments made to Kern Medical Center by mail, facsimile, or e-mail no later than the 20th day of each month.

6.       This Court shall retain jurisdiction over this case until termination of this Consent Decree in order to enforce the terms of this Consent Decree and to consider any motion for costs relating to the enforcement of the Consent Decree, including attorneys' fees.

7.       Enforcement of this Consent Decree shall be the sole remedy for violations of the Consent Decree.  In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other

CONSENT DECREE                    - 5 -

1    parties with a written notice outlining the nature of the dispute and requesting informal

2    negotiations.

3         8.    No motion or other proceeding seeking to enforce this Consent Decree or for

4    contempt of Court shall be properly filed, unless the moving party has followed the procedure set

5    forth in Paragraph 7 and provided the non-moving party or parties with written notice at least ten

6    (10) business days before the filing of such motion or proceeding.

7         9.    Other than as set forth herein, each party shall bear its own costs, including

8    attorneys' fees and expert witness fees.

9         10.

10             a.   AIR and Signatory Defendants agree that neither AIR nor Signatory

11                  Defendants may issue a press release, statement, or other communication

12                  related to the settlement of this action, including the expert reports, data,

13                  expert witness deposition transcripts, and other information governed by

14                  paragraph 3, to the media.

15             b.   Neither AIR nor Signatory Defendants shall make any comments concerning

16                  the details of the terms of settlement upon an inquiry by the media.  AIR and

17                  Signatory Defendants may confirm that a settlement has been reached and

18                  may provide a copy of the Consent Decree to any requesting media source.

19             c.   AIR and Signatory Defendants may disclose, after reasonable prior notice to

20                  all parties to allow for an objection, the expert reports, data, expert witness

21                  deposition transcripts, and other information subject to paragraph 3 upon an

22                  inquiry by the media.  Notice required by this paragraph shall, in addition to

23                  notice provided by paragraph 12, be made to the parties' attorneys' mobile

24                  telephones.

25             d.   For the purposes of this paragraph, the term "media" means a print, television,

26                  radio, or internet-based news enterprise.

27             e.   The provisions of this paragraph shall apply to the parties' attorneys.

28

CONSENT DECREE              - 6 -

11.     AIR and Signatory Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter this Consent Decree.

12.     Any notices required or provided for by this Consent Decree shall be made in writing and transmitted via facsimile or via e-mail to the following:

For AIR:

Brent Newell
Alegría De La Cruz
Sofia Parino
Center on Race, Poverty & the Environment
47 Kearny Street, Suite 804
San Francisco, CA 94108
Phone: (415) 346-4179
Fax: (415) 346-8723
Mobile: (661) 586-3724
Email: adelacruz@crpe-ej.org
        bnewell@crpe-ej.org
        sparino@crpe-ej.org

For Dairy Defendants:

Lee N. Smith
Stoel Rives LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Phone: (916) 447-0700
Fax:  (916) 447-4781
Mobile: (916) 508-3836
Email: lnsmith@stoel.com
        mrdavis@stoel.com

David D. Doyle
Doyle & Schallert
1233 W. Shaw Avenue., Suite 106
Fresno, California 93711
Phone:  (559) 227-2600
Fax:      (559) 227-3604
Mobile: (559) 907-0890
Email:  doyle@ddmslaw.com
        audrey@ddmslaw.com

CONSENT DECREE                    - 7 -

13.     The undersigned representatives of each party certify that they are fully authorized by the party that they represent to bind that party to the terms of this Consent Decree.

14.     This Decree shall apply to and be binding upon the Parties to this action, and upon the successors and assigns of the parties.  This paragraph is not intended to confer or deny any additional rights to the parties.

15.     This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint or the Amended Complaints, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaints, or the admission or evidence of any wrongdoing or misconduct on the part of Dairy Defendants, any director, officer or any affiliated person.

16.     The sums to be paid and the measures to be taken under the terms of this Consent Decree shall constitute full settlement of the allegations in the Fourth Amended Complaint and, upon full performance by Signatory Defendants, shall completely discharge and release Dairy Defendants with respect to the South Lakes Dairy (located in Tulare County, California that lies east of  State Highway 43, between Avenue 84 and Avenue 112, approximately seven miles northeast of Alpaugh, eight miles west of Pixley, and eleven miles northwest of Earlimart at Tulare County Assessor Parcel Numbers (APN) 293-200-01, 02, 03, 04, 06, 09; 293-220-01, 02, 03, 04, 05; 293-240-02; 311-030-11, 20, 21, 24, 25, 26, 29; and 311-040-20 and 22) from any and all liability to AIR for the claims alleged in the Fourth Amended Complaint under the Clean Air Act for activities (whether the claims are known or unknown to AIR, notwithstanding section 1542 of the California Civil Code) which have occurred at the South Lakes Dairy through the date of entry of this Consent Decree.  The discharge and release provided by this paragraph also applies to claims alleged in the Fourth Amended Complaint that are ongoing as of the date of entry of this Consent Decree.

17.     Upon entry of this Consent Decree, AIR releases and discharges Dairy Defendants from any and all liability to AIR for equitable or legal claims under federal or state law (whether the claims are known or unknown to AIR, notwithstanding section 1542 of the California Civil Code) which have occurred at the South Lakes Dairy through the date of entry of

CONSENT DECREE            - 8 -

PDF created with pdfFactory trial version www.pdffactory.com

1   this Consent Decree, except for the claims governed by paragraph 16 and the provisions of this
2   Consent Decree.

3           18.     Upon entry of this Consent Decree, AIR covenants not to sue or bring any civil or
4   administrative action against the San Joaquin Valley Air Pollution Control District (the
5   "District") to challenge the District's actions, or failures to act, with respect to the South Lakes
6   Dairy when the District issued Authority to Construct permits to certain Dairy Defendants on or
7   about December 3, 2007. This paragraph does not preclude AIR from bringing any other civil or
8   administrative action against the District and is only intended to preclude AIR from bringing an
9   action against the District to challenge the District's 2007 permitting actions with respect to the
10  South Lakes Dairy and only the South Lakes Dairy.

11          19.     In the event that the South Lakes Dairy and its successors and assigns do not
12  perform South Lakes Dairy's obligations under this consent decree, then the remaining Signatory
13  Defendants shall assume such obligations jointly and severally. This paragraph is not intended
14  to confer or deny any additional rights to the parties.

15          20.     The parties understand that no consent decree may be entered in a Clean Air Act
16  suit in which the United States is not a party prior to 45 days following the receipt of a copy of
17  the proposed Consent Decree by the Attorney General and the Administrator, pursuant to section
18  304(c)(3) of the Clean Air Act, 42 U.S.C. § 7604(c)(3). Therefore, upon the signing of this
19  Consent Decree by the parties, AIR shall serve copies of the Decree upon the Administrator of
20  the U.S. EPA and the Attorney General and provide notice to the court.

21          21.     Upon Signatory Defendants' full and complete performance of the terms of this
22  Consent Decree, the Parties shall execute all necessary documents to effectuate the termination
23  of the Consent Decree and dismiss the Fourth Amended Complaint with prejudice.

24          22.     If, for any reason, the Court should decline to approve this Consent Decree in the
25  form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any
26  objection raised by the Court to entry of this Decree.

27
28

CONSENT DECREE          - 9 -

1    **IT IS SO ORDERED.**

2

3    Dated: May 2, 2011              /s/ OLIVER W.WANGER
                                     UNITED STATES DISTRICT COURT JUDGE

4

5    COUNSEL FOR PLAINTIFF:

6    Dated:  February 7, 2011        /s/ BRENT NEWELL

7                                    BRENT NEWELL
                                     ALEGRÍA GUADALUPE DE LA CRUZ
8                                    Center on Race, Poverty & the Environment
                                     47 Kearny Street, Suite 804
9                                    San Francisco, CA 94108
                                     Phone: (415) 346-4179
10                                   Email: bnewell@crpe-ej.org
11                                   Counsel for Plaintiff Association of Irritated Residents

12

13   FOR DEFENDANTS:

14   Dated:  January 31, 2011        /s/ FRED SCHAKEL

15                                   Fred Schakel for the
                                     Fred Schakel Dairy, Fred Schakel, Schakel Family
16                                   Partnership, and South Lakes Dairy

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE               - 10 -

PDF created with pdfFactory trial version www.pdffactory.com